UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

GEORGE RICHARDSON,

                                    Plaintiff,

            -v.-                                              9:09-CV-1440
                                                              (TJM)(DEP)
NAPOLI, Superintendent; CHAPPINS, Deputy;
CO KAMAS, Correctional Officer; T. HAYER, C.O.;
C.O. BENNET; SULLIVAN, Captain; SQUIRES, C.O.;
AUGUSTAS, C.O., *et al.*,

                                    Defendants.

_____

APPEARANCES:

GEORGE RICHARDSON
07-A-0135
Marcy Correctional Facility
P.O. Box 3600
Marcy, New York 13403

**THOMAS J. McAVOY**
**Senior United States District Judge**

### DECISION AND ORDER

        In December 2009, plaintiff George Richardson submitted to the Clerk of the Court for filing

a civil rights complaint pursuant to 42 U.S.C. § 1983.  Dkt. No. 1.  Plaintiff did not however pay the

filing fee required to commence this action nor did he submit an application to proceed *in forma*

*pauperis* or an inmate authorization form.[1]  By Order of United States Magistrate Judge David E.

_____

        [1] The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(b), provides that an inmate
who seeks *in forma pauperis* status is required to pay, over a period of time, the full amount of the
filing fee provided for in 28 U.S.C. § 1914(a). Additionally, in accordance with the Local Rules of
Practice of the Northern District of New York, all such inmates are required to execute a signed,
fully completed and properly certified *in forma pauperis* application as well as the authorization
form issued by the Clerk of the Court's Office.  *See* L.R. 5.4(b).  As of April 9, 2006, the filing fee
was set at $350.00.  *See* 28 U.S.C. § 1914(a).

Peebles filed December 31, 2009 ("December Order"), plaintiff was directed to submit to the Court, within thirty days of the filing date of the December Order, either (1) the full filing fee of $350.00, or (2) a signed application to proceed *in forma pauperis* **and** an inmate authorization form consenting to payment of $350.00, or face possible dismissal of his action. *See* Dkt. No. 2. The December Order was sent to plaintiff at the address listed by him in his complaint. The December Order was not returned to the Court. To date, plaintiff has not complied with the Court's direction that he either pay the full filing fee of $350.00 or submit to the Clerk a signed *in forma pauperis* application and inmate authorization form consenting to payment of $350.00, nor has he otherwise communicated with the Clerk or the Court regarding his intention to pursue his claims in this action.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action or comply with any order of the court. Fed. R. Civ. P. 41(b); *see Link v. Wabash Railroad County Independent School District*, 370 U.S. 626 (1962).[2]  This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See Freeman v. Lundrigan*, No. 95-CV-1190, 1996 WL 481534, *1 (N.D.N.Y., Aug. 22, 1996) (Pooler, J.) (citations omitted).

Local Rule 41.2(a) includes the following provision regarding a litigant's duty to prosecute an action diligently:

> In the absence of an order by the assigned judge or magistrate judge setting any date for any pretrial proceeding or for trial, the plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution.

N.D.N.Y.L.R. 41.2(a).

---

[2]  Unless the dismissal order states otherwise, a dismissal pursuant to Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

The correctness of a Rule 41(b) dismissal for failure to comply with an order of the Court or the procedural rules of the Court is determined in light of five factors: (1) the duration of the plaintiff's failure to comply; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

Upon due consideration, the Court finds that each of these five factors weighs in favor of dismissal of this action. The record shows that on December 31, 2009 plaintiff was directed to either pay the full filing fee or submit and *in forma pauperis* application and an inmate authorization form. *See* Dkt. No. 2. Although three months have elapsed since plaintiff was ordered to do so, he has not complied with the December Order. Indeed, plaintiff has not communicated with the Clerk or the Court about **any** aspect of this litigation since he filed his complaint. Accordingly, while not conclusive evidence that plaintiff does not intend to prosecute this action, the Court finds that plaintiff's noncompliance with the December Order for three months weighs in favor of dismissal.

As to the second factor, plaintiff was given specific notice in the December Order that this action might be dismissed if he failed to either pay the filing fee required for this action or submit a proper signed inmate authorization form. *See* Dkt. No. 2. The December Order was served on plaintiff at his address of record and was not returned, therefore it appears that plaintiff received the requisite notice that his action was subject to dismissal. This factor weighs in favor of dismissal.

The Court finds that defendants, who at this point have not even been served, are likely to be prejudiced by further delay in the proceedings should they eventually be served, since the delay may

3

well affect witnesses' memories, the ability to locate witnesses, and the preservation of evidence.

Under the circumstances, the need to alleviate congestion on the Court's docket outweighs plaintiff's

right to receive a further chance to be heard in this case.  Accordingly, the Court finds that both the

third and fourth factors support dismissal of this action.

Lastly, the Court has carefully considered whether a sanction less drastic than dismissal is

available and concludes that there is no meaningful way to procure plaintiff's "reappearance" in and

active prosecution of this action. Moreover, simply waiting for plaintiff to comply with his

obligations is not likely to be fruitful, since he has failed to do so for three months now.  As a result,

the Court finds that the fifth factor also weighs in favor of dismissal.

In sum, in light of plaintiff's failure to comply with the December Order or to take action in furtherance of his claims, the Court hereby dismisses this action **without prejudice**.

**WHEREFORE**, it is hereby

**ORDERED** that this action is **<u>DISMISSED</u> without prejudice** pursuant to Fed. R. Civ. P. 41(b); and it is further

**ORDERED** that the Clerk shall serve a copy of this Order on the plaintiff in accordance with the Local Rules.

Dated:  March 29, 2010

Thomas J. McAvoy
Senior, U.S. District Judge